## Illinois Steel Company v. Preble Machine Works Company, by James M. Arnold, Receiver.

### Gen. No. 11,310.

1. RECEIVER'S SALE—*what does not pass by.* Property not mentioned in the inventory nor in the petition for leave to sell, does not pass by a receiver's sale where such receiver sells all of the assets of the concern which he represents to a single purchaser.

2. SUIT—*by whom to be maintained at law.* The holder of a legal title of a chose in action is the only proper plaintiff in an action instituted thereon.

Action of assumpsit. Error to the Circuit Court of Cook County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed October 4, 1904.

**Statement by the Court.** December 31, 1898, the Illinois Steel Company entered into a contract with the Preble Machine Works Company for the sale to that company of 1,000 tons of iron at a stipulated price, to be delivered during the year 1899 as called for, and to be paid for on the 25th day of the month following the delivery. Prior to May 31, 1899, the Steel Company delivered under said contract 457 tons of iron and on that day refused on demand therefor to deliver the remaining 543 tons. In an action by the Preble Company against the Steel Company the plaintiff had judgment for $3,315, the difference between the contract price of the iron and the market price on the day of such demand and refusal, to reverse which this writ of error is prosecuted.

KEMPER K. KNAPP, for plaintiff in error.

GALE BLOCKI, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The sole contention of the plaintiff in error is that the receiver of the Preble Company, appointed by the Superior Court, by the order of that court sold said contract before the demand for the iron was made, and that therefore the Steel Company was at the time of such demand under obligation to deliver the iron to the purchaser of the contract and was no longer under obligation to deliver the same to the plaintiff company.

This contention is not sustained by the evidence. The receiver filed in the cause in which he was appointed an inventory of the assets of the company, in which is set out in detail the articles of personal property, more than two hundred in number, with their value, amounting in the

aggregate to $15,086.08. The inventory concludes as follows:

"Total personal property......................$15,086.08
Cash on hand February 16, 1899...............    131.66
On deposit February 16, 1899.................    811.47
Good accounts uncollected as taken from the
    books of the Preble Machine Works Co.....  7,184.67
                                             _____
    Total...................................$23,213.88"

On the same day the receiver filed in said cause his petition for leave to sell the assets of said company, in which he states that "the assets of said company as shown by his report heretofore filed amount to $23,213.88, of which $15,086.08 is personal property and $7,184.67 bills receivable, which are good accounts." March 20, 1899, the court ordered the receiver to sell "at public sale the assets of said company, including the personal property, book accounts, good will of the business and charter," but not to conclude a sale "unless he shall receive for said assets a bid for at least three-fourths of the appraised value of said assets as appears from his inventory on file in the case." The receiver afterwards reported to the court that he had received from the Union Trust Company a bid for said assets of $12,200, which was less than three-fourths of the appraised value thereof, and that he had made a conditional sale of said assets to said company and asked that the same be confirmed, and it was afterwards by the order of said court confirmed. No mention was made of the contract in question in the inventory, in the petition for leave to sell the assets, or in any of the proceedings relating to the sale of the assets of the Preble Company. No claim has been made by the purchaser of such assets that the contract was included therein and we find in the record no support for the contention of appellant that said contract was, either expressly or by implication, included in the sale of the assets of the Preble Company.

But if the interest of the Preble Company in the contract in question had been expressly sold by the receiver, such

sale at most would have amounted to an equitable assign-ment of such interest. An action for the breach of the contract must even in that case have been brought in the name of the Preble Company.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*